IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

Jerry W. Ray,

    Plaintiff,

v.

AdaptHealth Corp., Family Medical Supply, LLC, and SIMM Associates, Inc.,

    Defendants.

Civil Action No. _____

## NATURE OF COMPLAINT

This is an action for damages brought by an individual consumer for Defendants' violations of the Fair Debt Collections Practices Act (hereinafter "FDCPA"), 15 U.S.C. §§ 1692, *et seq.*, North Carolina's Fair Debt Collection Practices Act, Ch. 58, Art. 70, Pt. 3, and North Carolina's Chapter 75, Articles 1, and 2.

## PARTIES, JURISDICTION, AND VENUE

1. Plaintiff Jerry W. Ray (hereinafter "Mr. Ray") is a natural person residing in Forsyth County, North Carolina.

2. Defendant AdaptHealth Corp. ("AdaptHealth") is a Delaware corporation with its business located at 220 West Germantown Pike, Suite 250, Plymouth Meeting, Pennsylvania 19462, and a registered agent for service of process at United Corporate Services, Inc., 874 Walker Rd Ste C, Dover County, Kent, Delaware 19904.

3. Defendant Family Medical Supply, LLC ("Family Medical Supply") is a North Carolina limited liability company with its principal place of business located at 220 W Germantown Pk Ste 250, Plymouth Meeting, Pennsylvania 19462 and a registered agent for service of process at 176 Mine Lake Court, Ste. 100 Raleigh, North Carolina 27615.

4. Family Medical Supply is a subsidiary of AdaptHealth. (https://adapthealth.com/familyofcompanies/). Upon information and belief, AdaptHealth maintains a single customer service and billing center on behalf of itself and its "family of companies." Because the correspondence, customer service numbers, and company representatives referenced herein made no distinction between Family Medical Supply and AdaptHealth, those defendants are collectively referred to herein as the "AdaptHealth Defendants."

5. Defendant SIMM Associates, Inc. ("SIMM") is a Delaware corporation with its principal place of business and registered agent, Gregory Simendinger, located at 800 Pencader Drive Newark, Delaware 19702-3354.

6. This Court has subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§ 1331, 1367 and 15 U.S.C. § 1692k(d).

7. Defendants are subject to personal jurisdiction in this Court pursuant to the North Carolina Long Arm Statute, N.C. Gen. Stat. § 1-75.4 and the Due Process Clause of the United States Constitution. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims in this case arose in this judicial district.

**GENERAL ALLEGATIONS**

8. On or about January 10, 2021, Mr. Ray was hospitalized with COVID-19 in Forsyth Medical Center in Winston Salem, North Carolina.

9. Mr. Ray was discharged on or about January 20, 2021.

10. Upon his discharge, Mr. Ray was prescribed oxygen for his recovery and his medical provider ordered oxygen tanks and a compressor to be delivered to Mr. Ray's home located at 2615 Reynolda Rd., Winston Salem, NC 27106.

11. On January 20, 2021, a representative of the AdaptHealth Defendants delivered three tanks of oxygen and a compressor (collectively, "the Equipment") to Mr. Ray at his home. Two tanks were small and one was large.

12. Upon the delivery of the Equipment, Mr. Ray was provided a Consignment Order from the AdaptHealth Defendants dated January 19, 2021, which contains the following statement: "Length of Need: 99 months." A true and accurate copy of the Consignment Order is attached hereto as Exhibit A.

13. Mr. Ray fully used one small tank and partially used the other small tank. Mr. Ray did not use the large tank or the compressor and possessed the Equipment for 24 days.

14. On or about February 4, 2021, Mr. Ray contacted the AdaptHealth Defendants to request the pickup and cancellation of the Equipment. A representative of the AdaptHealth Defendants instructed Mr. Ray to contact his physician to initiate the return of the Equipment.

15. Upon receiving instructions from the AdaptHealth Defendants, Mr. Ray called his primary physician, Dr. Steven Helman, in Clemmons, North Carolina on or about February 8, 2021, to have the Equipment picked up from his home.

16. Upon information and belief, Mr. Ray's primary physician, Dr. Helman, contacted the AdaptHealth Defendants on February 12, 2021, and requested that the Equipment be picked up from Mr. Ray's home.

17. On or around February 10, 2021, a representative of the AdaptHealth Defendants collected the Equipment from Mr. Ray's home.

18. On or around February 23, 2021, Mr. Ray received a bill of $65.26 from the AdaptHealth Defendants. The bill showed current charges of $27.93 and a past-due balance of $37.33, even though Mr. Ray had not been billed by the AdaptHealth Defendants previously. Assuming that he owed that amount after application of Medicare Advantage benefits, Mr. Ray fully paid the bill.

19. On or around March 11, 2021, Mr. Ray received a bill of $80.26 from the AdaptHealth Defendants. The bill showed current charges of $27.93 and a past-due balance of $52.33. In response to this bill, Mr. Ray called the 1-800 number of the AdaptHealth Defendants on or about March 17, 2021, and spoke with "Dolly." "Dolly" explained that $15.00 of the past due amount was a "late fee," but the late fee would be waived because Mr. Ray had paid the previous bill and check processing of the AdaptHealth Defendants was running "about two weeks behind."

20. Continuing thereafter, Mr. Ray received monthly bills of varying amounts, typically around $30 per month, from the AdaptHealth Defendants, even though the Equipment had been returned months before.

21. For each monthly bill that the AdaptHealth Defendants sent Mr. Ray, the AdaptHealth Defendants billed Mr. Ray's Medicare Advantage plan provided by Aetna. Upon information and belief, Aetna paid the AdaptHealth Defendants each month and the AdaptHealth Defendants billed Mr. Ray the 20% of Aetna approved amount, which represented Mr. Ray's purported "co-pay" amount.

22. For example, an Explanation of Benefits provided by Aetna to Mr. Ray on or about June 18, 2021, shows that Aetna paid the AdaptHealth Defendants $530.87 for the Equipment during the period January 19, 2021 – May 19, 2021. A true and accurate copy of the Explanation

of Benefits, redacted to protect Mr. Ray's personal health information, is attached hereto as <u>Exhibit B</u>.

23. The result of this improper billing by the AdaptHealth Defendants was that they have wrongfully billed and collected more than $2,500 of Medicare Advantage payments through Aetna to date, while simultaneously billing Mr. Ray hundreds of dollars for his "co-pay" amount.

24. For months, Mr. Ray disputed the bills sent to him by the AdaptHealth Defendants as well as the amounts that the AdaptHealth Defendants were collecting from Aetna.

25. For example, in addition to the March 17, 2021 telephone conversation with "Dolly," on April 30, 2021, Mr. Ray called the AdaptHealth Defendants' 1-800 number and spoke with "Grace" and "Steve." The line was disconnected immediately when Mr. Ray began addressing his billing concerns.

26. Mr. Ray also mailed letters disputing the debt to the AdaptHealth Defendants but he kept receiving bills anyway. Specifically, Mr. Ray wrote letters to the AdaptHealth Defendants on May 26, 2021, July 6, 2021, July 20, 2021, August 5, 2021, and September 29, 2021. True and accurate copies of these letters are attached hereto as <u>Exhibit C</u>, <u>Exhibit D</u>, <u>Exhibit E</u>, <u>Exhibit F</u>, and <u>Exhibit G</u>. Mr. Ray never received a response to these letters.

27. In attempt to avoid negative impact on his credit score, Mr. Ray paid some of the bills while simultaneously disputing the debt. Specifically, he paid to the AdaptHealth Defendants the amounts of $65.26 on March 1, 2021, $27.93 on March 30, 2021, $4.93 on July 6, 2021, and $27.93 on August 24, 2021, for a total of $126.07.

28. Even though Mr. Ray paid some of the disputed bills from the AdaptHealth Defendants, he did not pay them all. When he did not pay all of the bills, the AdaptHealth Defendants sent Mr. Ray to their collection agent, SIMM.

5

29. On August 3, 2021, SIMM sent a letter to Mr. Ray notifying him that "Family Medical Supply is now taking the necessary steps to recover the outstanding amount of $54.38. They have retained us to review your account and commence collection activity." A true and accurate copy of this letter is attached hereto as Exhibit H.

30. On August 12, 2021, Mr. Ray mailed a letter to SIMM disputing the debt and demanding that SIMM show proof that Mr. Ray retained and used the Equipment beyond February 10, 2021. A true and accurate copy of this letter is attached hereto as Exhibit I. SIMM did not respond to Mr. Ray's August 12, 2021 letter.

31. On October 21, 2021, SIMM again sent the same letter to Mr. Ray that it did on August 3, 2021. Mr. Ray sent a letter disputing this alleged debt on November 2, 2021, and SIMM, again, did not respond.

32. In November 2021, Mr. Ray again called the AdaptHealth Defendants' 1-800 number and spoke with a person named "Joan." Mr. Ray told "Joan" that the AdaptHealth Defendants owed him $77.58. "Joan" stated that the AdaptHealth Defendants would issue a refund check, but no refund check was ever issued.

33. Mr. Ray continued receiving monthly bills from the AdaptHealth Defendants for the remainder of 2021 and continuing into 2022.

34. The AdaptHealth Defendants continued to bill and receive payment from Mr. Ray's Medicare Advantage plan through Aetna for the remainder of 2021 and continuing into 2022 as well.

35. On January 18, 2022, Mr. Ray sent yet another letter to the AdaptHealth Defendants explaining that "Joan" had stated that Mr. Ray was being billed in error and that she would issue

6

a refund check of $77.58 and deem the account "settled." However, the AdaptHealth Defendants never responded to this correspondence and have never refunded Mr. Ray's payments.

36. Mr. Ray wrote to Mr. Dan Bunting, Chief Operating Officer of the AdaptHealth Defendants, on April 11, 2022, explaining the situation and contesting the ongoing billing and debt collection. A true and accurate copy of the correspondence is attached hereto as Exhibit J. Neither Mr. Bunting nor the AdaptHealth Defendants ever responded to this correspondence.

37. SIMM continued to send Mr. Ray debt collection noticed in 2021 and 2022.

38. On March 14, 2022, Mr. Ray retained an attorney to assist him with the debt in dispute. The attorney sent correspondence to SIMM notifying it on behalf of Mr. Ray that "This alleged debt is disputed. Cease all communications with debtor. Contact me for any questions." A true and accurate copy of the correspondence is attached hereto as Exhibit K. Despite the attorney's letter, SIMM and the AdaptHealth Defendants continued to bill Mr. Ray and collect on previous unpaid amounts.

39. On July 31, 2022, Mr. Ray sent yet another letter to SIMM disputing the debt and demanding that SIMM stop its collection efforts. A true and accurate copy of the correspondence is attached hereto as Exhibit L.

40. As recently as September 21, 2022, the AdaptHealth Defendants continue to bill Mr. Ray for the Equipment that was returned more than a year ago. A true and accurate copy of the bill is attached hereto as Exhibit M.

# FIRST CAUSE OF ACTION
## Fair Debt Collection Practices Act ("FDCPA")
## 15 U.S.C. §§ 1692 *et seq*.
## (against SIMM)

41. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs as though fully set forth herein.

42. Plaintiff is a consumer within the meaning of the FDCPA, 15 USC §1692a(3).

43. SIMM is debt collector under 15 U.S.C. 1692(a)(6) and at all relevant times was engaged in the business of attempting to collect a "debt" as defined under 15 U.S.C. 1692(a)(5).

44. SIMM violated the FDCPA. SIMM's violations of the FDCPA include, but are not limited, to the following:

   a. Communicating with Mr. Ray despite Mr. Ray's attorney demanding that SIMM cease all communications, in violation of 15 USC §1692(b)(6).

   b. Communicating with Mr. Ray despite Mr. Ray notifying SIMM in writing that he refuses to pay the putative debt and demanding that SIMM cease further communication with him, in violation of 15 USC §1692(c).

   c. Falsely representing the character, amount, and legal status of the putative debt in violation of 15 USC § 1692(e)(2).

WHEREFORE, Plaintiff demands judgment for damages against SIMM for actual or statutory damages, punitive damages, and costs, pursuant to 15 USC § 1692(k).

# SECOND CAUSE OF ACTION
## North Carolina Fair Debt Collection Practices Act ("NCFDCPA")
## N.C. Gen. Stat. Ch. 58, Art. 70, Pt. 3.
## (against SIMM)

45. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs as though fully set forth herein.

46. Plaintiff is a "consumer" within the meaning of the NCFDCPA, § 58-70-90(2).

47. SIMM is a "collection agency" within the meaning of the NCFDCPA, § 58-70-90(1) and at all relevant times was engaged in the business of attempting to collect a "debt" as defined under § 58-70-90(3).

48. SIMM violated the NCFDCPA. SIMM's violations of the NCFDCPA include, but are not limited, to the following:

   a. Communicating with Mr. Ray despite Mr. Ray's attorney demanding that SIMM cease all communications, in violation of § 58-70-115(3).

   b. Falsely representing the character, amount, and legal status of the putative debt in violation of § 58-70-110(7).

WHEREFORE, Plaintiff demands judgment for damages against SIMM for actual and statutory damages in the amount of up to $4,000 per violation pursuant to § 58-70-130(a)-(b).

## THIRD CAUSE OF ACTION
### Prohibited Acts By Debt Collectors
### Chapter 75 Article 2
### (against AdaptHealth and Family Medical Supply)

49. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs as though fully set forth herein.

50. Plaintiff is a "consumer" as that term is used by North Carolina General Statutes § 75-50(1).

51. AdaptHealth and Family Medical Supply are each a "debt collector" as that term is used by North Carolina General Statutes § 75-50(3).

52. AdaptHealth and Family Medical Supply have been attempting to collect a "debt" from the Plaintiff as that term is used by North Carolina General Statutes § 75-50(2).

9

53. AdaptHealth and Family Medical Supply violated Chapter 75, Article 2, in the following ways:

    i. Falsely representing the status or true nature of the services rendered by each in violation of § 75-54(7).

    ii. Continuing to communicate with Mr. Ray despite his attorney notifying AdaptHealth and FMS in violation of § 75-55(3).

WHEREFORE, Plaintiff demands judgment for damages against AdaptHealth and Family Medical Supply for actual and statutory damages in the amount of up to $4,000 per violation pursuant to § 75-56(b).

### FOURTH CAUSE OF ACTION
### Unfair and Deceptive Acts and Practices
### Pursuant to N.C. Gen. Stat. § 75-1.1, *et seq*
### (against All Defendants)

54. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs as though fully set forth herein.

55. AdaptHealth and Family Medical Supply's violation of Chapter 75, Article 2 is a per se violation of Chapter 75-1.1 pursuant to § 75-56(a).

56. SIMM's violation of Chapter 58, Article 70, Part 3 is a per se violation of Chapter 75-1.1 pursuant to § 58-70-130(c).

WHEREFORE, pursuant to N.C. Gen. Stat. § 75-1.1, *et seq.*, Mr. Ray is entitled to recovery of actual damages, statutory treble damages, or punitive damages.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays this Court to:

A. Enter judgment in Plaintiff's favor and against Defendants on Plaintiff's claims;

B. Award Plaintiff actual, statutory, and treble damages as allowed by law;

C.  Tax Defendants with Plaintiff's costs and reasonable attorneys' fees, as allowed by law;

D.  Grant preliminary and permanent injunctive relief to Plaintiff; and

E.  Allow Plaintiff such other and further relief as the Court deems just and proper.

Respectfully submitted, this the 20th day of October 2022.

KILPATRICK TOWNSEND & STOCKTON LLP

*/s/Chad D. Hansen*
Chad D. Hansen (N.C. Bar No. 32713)
1001 West Fourth Street
Winston-Salem, NC 27101
Telephone: (336) 607-7322
Facsimile: (336) 734-2645
chanson@kilpatrickstockton.com

and

Ami P. Patel (N.C. Bar No. 56681)
4208 Six Forks Road, Suite 1400
Raleigh, NC  27609
Telephone:  919-420-1700
Facsimile:  919-420-1800
appatel@kilpatricktownsend.com

*Counsel for Plaintiff*

11